IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,322

STATE OF KANSAS,
*Appellee*,

v.

GUADALUPE OCHOA-LARA,
*Appellant.*

SYLLABUS BY THE COURT

Defendant's prosecution for identity theft for using another person's Social Security number to obtain employment was expressly preempted by the federal Immigration Reform and Control Act of 1986.

Review of the judgment of the Court of Appeals in 52 Kan. App. 2d 86, 362 P.3d 606 (2015). Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed September 8, 2017. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed.

*Rick Kittle*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This companion case to *State v. Garcia*, 306 Kan. __, __ P.3d __ (No. 112,502, this day decided), and *State v. Morales*, 306 Kan. __, __ P.3d __ (No. 111,904,

1

this day decided), involves defendant Guadalupe Ochoa-Lara's convictions on two counts of identity theft.

Ochoa-Lara's two convictions arose out of a single period of restaurant employment. One conviction covered the portion of the period before a 2011 criminal statute recodification went into effect; the other covered the portion of the period after the recodification went into effect. Each count was based on Ochoa-Lara's use of Tiffany McFarland's Social Security number to obtain the employment at the beginning of the first period.

A district court judge convicted Ochoa-Lara based on stipulated facts. Ochoa-Lara's appeal to the Court of Appeals raised two issues: (1) whether the federal Immigration Reform and Control Act of 1986 (IRCA) preempted the prosecution; and (2) whether the two counts were multiplicitous. A Court of Appeals panel affirmed Ochoa-Lara's convictions. See *State v. Ochoa-Lara*, 52 Kan. App. 2d 86, 362 P.3d 606 (2015).

We granted Ochoa-Lara's petition for review of both issues. Because we decide that IRCA preempts this prosecution and thus both of Ochoa-Lara's convictions must be reversed, we do not reach the multiplicity claim.

FACTUAL AND PROCEDURAL BACKGROUND

The State initially charged Ochoa-Lara with two counts of identity theft and one count of making a false information. The two identity theft counts recited that Ochoa-Lara had "obtain[ed], possess[ed] or use[d]" a Social Security number and a resident alien card number belonging to another person during the entire time Ochoa-Lara was employed at Longbranch Steakhouse. On the first count, the Social Security number belonged to Tiffany McFarland; on the second, the resident alien card number belonged

2

to Pierrie Lecuyer. The making of a false information count recited that Ochoa-Lara "ma[de], generate[d], or distribute[d]" a false I-9 form, which is used to determine employment eligibility under IRCA.

Before trial, Ochoa-Lara filed two motions to dismiss. The first motion argued that the first identity theft count should be dismissed because it alleged that Ochoa-Lara violated K.S.A. 2011 Supp. 21-6107 between May 10, 2011, and December 6, 2011, and the recodified statute was not effective until July 1, 2011. The second motion challenged subject matter jurisdiction on all three counts, alleging that the State's prosecution was preempted by federal immigration law.

At the hearing on the motions, the second identity theft count and the making of a false information count were dismissed after the State agreed they should be. The State successfully amended the remaining identity theft count of the complaint to split it into two counts, one under the recodified statute's predecessor provision and one under the recodified statute. This amendment left only Ochoa-Lara's jurisdictional challenge to the now-split identity theft count to be considered, and the district judge denied it.

The parties stipulated to the following facts at trial:

"1.     During November and December of 2011, Overland Park Police Department officers and DHS/ICE agents were attempting to contact Christian Ochoa-Lara at 9135 Robinson, Apartment 2G, Overland Park, Johnson County, Kansas. At that location officers learned that the apartment was leased to Guadalupe Ochoa-Lara. Officers obtained a copy of the lease and determined Guadalupe Ochoa-Lara, the defendant, used a [S]ocial [S]ecurity number issued to another individual to lease the apartment. Officers contacted Tiffany McFarland, who is lawfully issued the [S]ocial [S]ecurity number used by Guadalupe Ochoa-Lara to rent the apartment, and she advised she had no knowledge her number was being used and did not consent to it being used. McFarland later reported

3

that she contacted the IRS and was notified that income had been reported under her [S]ocial [S]ecurity number which she reported was not earned by her.

"2. Officers determined that Guadalupe Ochoa-Lara was employed at the [Longbranch] Steakhouse in Lenexa, Johnson County, Kansas. Officers contacted personnel for [Longbranch] Steakhouse and confirmed that Guadalupe Ochoa-Lara did work at the Lenexa location from approximately May of 2011 to December of 2011. Officers reviewed the Form W-4 completed by Ochoa-Lara on May 10, 2011[,] in Lenexa, Johnson County, Kansas and observed he used the [S]ocial [S]ecurity number issued to McFarland to complete the form. Personnel for [Longbranch] Steakhouse confirmed a [S]ocial [S]ecurity number is required in order for individuals to be hired by their company and also for both federal and state tax withholding purposes.

"3. Investigators reported Guadalupe Ochoa-Lara does not have a [S]ocial [S]ecurity number lawfully issued to him and he used McFarland's number in order to gain employment."

After reviewing these facts, the district judge convicted Ochoa-Lara on both counts. Although the stipulated facts had mentioned that Ochoa-Lara used McFarland's Social Security number to lease an apartment, the court's Journal Entry of Judgment relied exclusively on Ochoa-Lara's employment. The judge handed down a concurrent 7-month sentence on each count and granted 18 months' probation.

DISCUSSION

Our decision today in *Garcia*, 306 Kan. at __, slip op. at 19, holds that State prosecutions such as the one in this case are expressly preempted by IRCA. Section 1324a(b)(5) of Title 8 of the United States Code (2012) provides that a federal I-9 form for employment verification "and any information contained in" such a form "may not be used for purposes other than for enforcement of" federal immigration law and certain federal criminal statutes. This State prosecution for identity theft relied on the Social

4

Security number Ochoa-Lara included in the I-9 to ensure employment eligibility under federal law. Our *Garcia* holding recognized that this is exactly the situation Congress intended to address and control under federal law. *Garcia* dictates the outcome of this case and compels a decision in Ochoa-Lara's favor, reversing all of his convictions.

We pause briefly, however, to address preservation of the preemption issue in the circumstances of this case.

Ochoa-Lara advanced a preemption challenge in the district court through his pretrial motion to dismiss on subject matter jurisdiction grounds. And we are not limited to the precise preemption theories argued by a party when we analyze a challenge. See *Garcia*, 306 Kan. at __, slip op. at 10 (citing *Hillman v. Maretta*, 569 U.S. __, 133 S. Ct. 1943, 1954, 186 L. Ed. 2d 43 [2013] [presence of express preemption clause does not necessarily end court's preemption inquiry]; *Geier v. American Honda Motor Co.*, 529 U.S. 861, 869, 120 S. Ct. 1913, 146 L. Ed. 2d 914 [2000] [express preemption provision does not bar ordinary working of conflict preemption principles]; *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. __, 136 S. Ct. 1288, 1301, 194 L. Ed. 2d 414 [2016] [Thomas, J., concurring in part and concurring in the judgment] [state law could have been preempted "based on the statute alone"; majority unnecessarily relies on principles of implied preemption]; *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 912, 914-15 [10th Cir 2016], *petition for cert. filed* June 5, 2017 [facial, as-applied preemption claims legal in nature; judicial estoppel doctrine does not apply to limit party to label first attached to challenge; "labels the parties attach to claims are not determinative"]). Compare *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 109, 112 S. Ct. 2374, 120 L. Ed. 2d 73 (1992) (O'Connor, J., plurality) (state law impliedly preempted by Occupational Safety and Health Act), with *Gade*, 505 U.S. at 109-14 (Kennedy, J., concurring in part and concurring in the judgment) (would have found state law expressly preempted). In *Garcia* itself, for example, defense counsel emphasized

5

field preemption rather than express preemption at oral argument before this court. But our decision ultimately relied upon IRCA's express preemption clause. *Garcia*, 306 Kan. at __, slip op. at 19. Ochoa-Lara adequately preserved the preemption claim.

CONCLUSION

In reliance on *Garcia*, 306 Kan. at __, slip op. at 19, we reverse defendant Guadalupe Ochoa-Lara's two convictions on identity theft. The prosecution based on use of a Social Security number belonging to another person to obtain employment was expressly preempted by 8 U.S.C. § 1324a(b)(5).

JOHNSON, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

\* \* \*

LUCKERT, J., concurring:  I concur in the majority's holding that 8 U.S.C. § 1324a(b)(5) (2012) preempts the prosecution of Guadalupe Ochoa-Lara for identity theft under the circumstances of this case. But I reach this holding through a different analytical path than the one used by the majority. I respectfully disagree with the majority's conclusion that express preemption applies, although I would nevertheless hold that Kansas' identity theft statute intrudes into a field wholly occupied by federal law. I would further hold that a conflict exists between the immigration policy established by Congress and Kansas' identity theft statute when it is applied in a case, as here, that is dependent upon the use of information derived from the employment verification process

---

[1]**REPORTER'S NOTE:**  Senior Judge Malone was appointed to hear case No. 112,322 vice Justice Johnson under the authority vested in the Supreme Court by K.S.A. 20-2616.

established by the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, and the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. (2012). In other words, I would apply the doctrines of field and conflict preemption, rather than express preemption for the reasons more fully discussed in my concurring opinion in *State v. Garcia*, 306 Kan.___, ___ P.3d ___ (No. 112,502, this day decided), slip op. at ___.

\* \* \*

BILES, J., dissenting:  Consistent with my position in *State v. Garcia*, 306 Kan.___, ___ P.3d ___ (No. 112,502, this day decided), slip op. at 24, I respectfully dissent from the majority's result and reasoning.

\* \* \*

STEGALL, J., dissenting:  Consistent with my position in *State v. Garcia*, 306 Kan.___, ___ P.3d ___ (No. 112,502, this day decided), slip op. at 26, I respectfully dissent from the majority's result and reasoning.